UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TINA T.,

                        Plaintiff,

      -against-                                  5:20-CV-0981 (LEK/TWD)

COMMISSIONER
OF SOCIAL SECURITY,

                        Defendant.

---

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On August 24, 2020, Plaintiff Tina T. filed an action in this Court under the Social

Security Act. Dkt. No. 1 ("Complaint"). She seeks review of a determination by the

Commissioner of Social Security that she was not disabled from September 24, 2016 through

June 26, 2019—the date an Administrative Law Judge ("ALJ") denied her disability

application—and is therefore ineligible for disability insurance benefits and supplemental

security income benefits. Id.; see also Dkt. Nos. 13 ("Record"), 16 ("Plaintiff's Brief"); 19

("Defendant's Brief"). For the reasons that follow, the Commissioner's determination of no

disability is remanded for further proceedings consistent with this Memorandum-Decision and

Order.

## II.    RELEVANT BACKGROUND

### A.  Disability Allegations and Plaintiff's Testimony

Plaintiff is a 55-year old woman and was 52 years old at the time of her hearing in front

of the ALJ on May 2, 2019. Pl.'s Br. at 4, 12. In both applications, Plaintiff alleges a disability

onset date of September 24, 2016 and has not had substantial gainful employment since that date. R. at 57, 59. Plaintiff initially filed for both applications on January 20, 2017. R. at 57.

Plaintiff alleges that she is disabled as a result of: 1) severe rheumatoid arthritis; 2) severe anxiety; 3) severe depression; 4) severe chronic pain; 5) severe asthma; 6) severe chronic obstructive pulmonary disease ("COPD"); 7) severe emphysema; 8) lumbar spinal impairments; 9) hepatitis B and C; 10) fibromyalgia; 11) migraines, and 12) post-traumatic stress disorder ("PTSD"). R. at 278.

At the hearing before the ALJ on May 2, 2019, Plaintiff testified that she had received a GED degree and lived by herself in an apartment. R. at 6–7. Plaintiff described her past work in several alcohol establishments as a bartender, a bar manager, and a cashier. R. at 9–16. Additionally, Plaintiff testified about her mental and physical impairments and accompanying treatments. R. at 16–22.

### B.  The ALJ Decision and Notice of Appeals Council Action

On June 26, 2019, the ALJ issued a decision finding Plaintiff was not disabled from September 24, 2016 through the date of the decision. R. at 69. In making this determination, the ALJ first found that Plaintiff met the Social Security Administration's ("SSA") insured status requirements and had not engaged in substantial gainful activity since September 24, 2016, the alleged onset date. R. at 59. Next, the ALJ found that Plaintiff had the following severe impairments: rheumatoid arthritis, asthma, chronic obstructive pulmonary disease ("COPD"), emphysema, hepatitis B and C, depression, anxiety, and polysubstance abuse. Id. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart

P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and

416.926). R. at 60.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b), except the claimant can lift and carry twenty pounds
> occasionally and ten pounds frequently; stand and/or walk for six of
> eight hours; and sit for six of eight hours. The claimant can
> occasionally climb stairs, balance, stoop, kneel, crouch, and crawl,
> but cannot climb ladders. She can frequently reach, handle and finger.
> The claimant requires the option to stand for a half hour and then sit
> for five to ten minutes throughout the day as needed while remaining
> on task. The claimant requires the use of portable oxygen throughout
> the day. She cannot have concentrated exposure to temperature
> extremes, wetness, humidity or respiratory irritants. The claimant is
> limited to simple, routine tasks and low stress work, which is defined
> as occasional decision making and occasional changes in the work
> setting.

R. at 62.

To make this finding, the ALJ considered Plaintiff's testimony and medical history, as

well as the opinion evidence. Id. In considering the opinions, the ALJ assigned partial weight to

the opinions provided by Loretta Edinger, NP,  Tammy Balamut[1], State agency consultant E.

Kamin, PhD, and assigned great weight to the opinion provided by Patricia A. Carranti, NPC. R.

at 65–66.

Then, the ALJ determined that Plaintiff was unable to perform any past relevant work. R.

at 66. The vocational expert testified that Plaintiff would be able to perform the requirements of

representative occupations such as a "Garment sorter," "Marker," and "Mail clerk." R. at 67–68.

Based on this testimony, the ALJ found Plaintiff "not disabled." R. at 68–69.

---

[1]  The ALJ incorrectly described Balamut as Plaintiff's psychiatrist. R. at 65. Balamut is a
Nurse Practitioner. R. at 850, 857.

The Appeals Council denied Plaintiff's request for review. Id. at 47–53.

## III.  LEGAL STANDARD

### A.  Standard of Review

"When a district court reviews an ALJ's decision, it must determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence in the record." Harry P. v. Saul, No. 17-CV-1012, 2019 WL 4689213, at *6 (N.D.N.Y. Sept. 26, 2019) (Kahn, J.) (citing 42 U.S.C. § 405(g)). "Substantial evidence amounts to 'more than a mere scintilla,' and it must reasonably support the decision maker's conclusion. Courtney F. v. Berryhill, No. 18-CV-47, 2019 WL 4415620, at *1 (N.D.N.Y. Sept. 16, 2019) (Kahn, J.) (quoting Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004)). "A court will defer to the ALJ's decision if it is supported by substantial evidence, even if [the court] might justifiably have reached a different result upon a de novo review." Suzanne M. v. Comm'r of Soc. Sec., No. 18-CV-485, 2019 WL 4689227, at *1 (N.D.N.Y. Sept. 26, 2019) (Kahn, J.) (internal quotation marks omitted) (alteration in original). "However, a court should not uphold the ALJ's decision—even when there is substantial evidence to support it—if it is based on legal error." Craig R. v. Berryhill, No. 18-CV-630, 2019 WL 4415531, at *1 (N.D.N.Y. Sept. 16, 2019) (Kahn, J.) (citing Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998)).

### B.  Standard for Award of Benefits

According to SSA regulations, a disability is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). An individual

4

seeking disability benefits "need not be completely helpless or unable to function." De Leon v.

Sec'y of Health and Human Servs., 734 F.2d 930, 935 (2d Cir. 1984). To determine a claimant's

eligibility for disability benefits, there is a five-step evaluation process. 20 C.F.R. §

404.1520(a)(1).[2] If the ALJ is able to determine that the claimant is disabled or not disabled at a

step, the evaluation ends. § 404.1520(a)(4). Otherwise, the ALJ will proceed to the next step. Id.

At step one, the ALJ must determine whether the claimant is engaged in "substantial

gainful work activity." § 404.1520(a)(4)(i). If so, the claimant is not disabled under SSA

regulations. Id. At step two, the ALJ must determine whether the claimant has an impairment, or

combination of impairments, that is "severe," i.e., that "significantly limits" the claimant's

"physical or mental ability to do basic work activities." §§ 404.1520(a)(4)(ii), 416.920(c). If the

claimant does not have such an impairment, the claimant is not disabled under SSA standards. Id.

At step three, the ALJ asks whether the claimant's medically determinable physical or mental

impairment(s) are as severe as an impairment listed in Appendix 1 of Subpart P of § 404. §

404.1520(a)(4)(iii); 20 C.F.R., Pt. 404, Subpt. P, App. 1. If so, the claimant is disabled. §

404.1520(a)(4)(iii). If not, the ALJ moves on to step four and reviews the claimant's residual

functional capacity ("RFC") and past work. § 404.1520(a)(4)(iv). A claimant is not disabled

under SSA standards if she can perform past work. Id. If the claimant cannot perform her past

work, the ALJ decides at step five whether adjustments can be made to allow the claimant to

work in a different capacity. § 404.1520(a)(4)(v). If the claimant "cannot make an adjustment to

other work," then the claimant is disabled. Id. In the first four steps, the claimant bears the

---

[2] Even though Plaintiff also filed for supplemental security income benefits, the five-step process is the same. See 20 C.F.R. § 416.920(a)(4)(i)–(v).

burden of proof; at step five, the burden shifts to the SSA. <u>Kohler v. Astrue</u>, 546 F.3d 260, 265 (2d Cir. 2008) (quoting <u>Perez v. Chater</u>, 77 F.3d 41, 46 (2d Cir. 1996)).

## IV.   DISCUSSION

Plaintiff argues that the ALJ erred by failing to evaluate NP Balamut's mental opinion and NP Edinger's physical opinion properly, and the reasons for discounting the opinions were illegitimate. Pl.'s Br. at 14–24. Defendant disagrees, contending that the ALJ properly gave less weight to Balamut's and Edinger's opinions. Def.'s Br. at 3–15.

### A.   NP Balamut

The Court begins by noting that both sides agree that Balamut was not an "acceptable medical source" because of the date the claim was filed. <u>See</u> Pl.'s Br. at 21, n.3; Def.'s Br. at 3, n.2. However, "[i]n determining the weight to be given to the opinions from both 'acceptable medical sources' and 'other medical sources,' the ALJ must consider the following six factors: 'the length and frequency of the treating relationship; the nature and extent of the relationship; the amount of evidence the [source] presents to support his or her opinion; the consistency of the opinion with the record; the [source's] area of specialization; and any other factors the claimant brings to the ALJ.'" <u>Drennen v. Astrue</u>, No. 10-CV-6007, 2012 WL 42496, at *3 (W.D.N.Y. Jan. 9, 2012) (alterations in original) (quoting <u>Carlantone v. Astrue</u>, No. 08-CV-07393, 2009 WL 2043888, at *5 (S.D.N.Y. 2009)); <u>see also</u> 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following

factors in deciding the weight we give to any medical opinion."); 20 C.F.R. § 416.927(c) (same).[3]

Thus, according to the SSA regulations, if no treating source's medical opinion is given

controlling weight, which is the case here, then the ALJ must consider the relevant regulatory

factors. See Drake v. Saul, 839 F. App'x 584, 586 (2d Cir. 2020) (summary order). At the same

time, "[w]e require no such slavish recitation of each and every factor where the ALJ's reasoning

and adherence to the regulation are clear." Atwater v. Astrue, 512 F. App'x 67, 70 (2d Cir. 2013)

(summary order).

 Balamut provided the following in her opinion:

**II. Functional Limitations:** Please check rows that apply: (related to medical/psychiatric/substance abuse findings noted in Sec. I). Assigned activities will be based on the functional limitations.

| PHYSICAL LIMITATIONS | No evidence of limitation | Moderately limited | Severely limited |
|---|---|---|---|
| Walking | ☐ | ☑ | ☐ |
| Standing | ☑ | ☐ | ☐ |
| Sitting | ☑ | ☐ | ☐ |
| Ability to lift/ carry | ☐ | ☑ | ☐ |
| Pushing, pulling, bending | ☐ | ☑ | ☐ |
| Seeing, hearing, speaking | ☑ | ☐ | ☐ |
| Stairs or other climbing | ☐ | ☑ | ☐ |
| Other: | ☑ | ☐ | ☐ |
| Able to follow, understand and remember simple instructions | ☐ | ☑ | ☐ |
| Able to perform low stress, simple and complex tasks independently | ☐ | ☐ | ☑ |
| Able to interact with others and maintain socially appropriate behavior without exhibiting behavior extremes | ☐ | ☐ | ☑ |
| Able to maintain a schedule and attend to a daily routine | ☐ | ☑ | ☐ |
| Able to maintain attention and concentration for rote tasks | ☐ | ☐ | ☑ |
| Able to maintain basic standards of personal hygiene and grooming | ☑ | ☐ | ☐ |
| Demonstrates the ability to function in a work setting | ☐ | ☐ | ☑ |
| Other: N/A | ☐ | ☐ | ☐ |

JOBS 537 (3/17)-WKLY       Page 1 of 2

R. at 849.

 The ALJ wrote the following about Balamut's opinion:

---

 [3] There is no meaningful difference between the two versions of the regulations for the purposes of this case.

Likewise, I assign partial weight to the opinion provided by psychiatrist, Tammy Balamut (Exhibit B12F). In a check-box form completed during November 2017, Dr. Balamut opined that the claimant has severe limitations with regard to her ability to perform low stressed work, interact with others, maintain attention and function in a work setting. I have included provisions that acknowledge difficulties in these areas of functioning within the above residual functional capacity. However, the evidence in the record does not support a conclusion that the claimant is unable to function in a work setting. Furthermore, the indication that the claimant is unable to perform work goes to an issue reserved to the Commissioner and therefore cannot be given special significance (20 CFR 404.1527(d) and 416.927(d)).

R. at 65.

Balamut opined on Plaintiff's moderate mental limitations (e.g. ability to follow, understand and remember simple instructions, as well as her ability to maintain a schedule and attend to a daily routine) and severe mental limitations (e.g. performing low stress, simple and complex tasks independently; interacting with others and maintaining socially appropriate behavior without exhibiting behavior extremes; maintaining attention and concentration for rote tasks; and demonstrating the ability to function in a work setting).[4] R. at 849. With regards to Plaintiff's severe limitations, the ALJ provided reasoning as to why she assigned partial weight or rejected those limitations, but no reasoning with regards to the moderate limitations. "[W]hen an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions." Felicia A. v. Comm'r of Soc. Sec., No. 20-CV-6435, 2021 WL 2153878, at *2 (W.D.N.Y. May 27, 2021) (citing Raymer v. Colvin, No. 14-CV-6009, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015)). Still, the ALJ "does not have to state on the record every reason justifying a decision," Brault v. Social Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012),

---

[4]  The Court does not need to address Balamut's opined physical limitations.

nor "recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale. . . .'" Cichocki v. Astrue, 729 F.3d 172, 178 n.3 (2nd Cir. 2013) (citing Mongeur v. Heckler, 722 F.2d 1033, 1040 (1983)). But that is the problem: the Court is not able to "glean the rationale" of the ALJ's decision by examining the record. The Court is unable to determine whether the ALJ credited or rejected Balamut's opinion on moderate mental limitations.

For example, the ALJ noted that "[i]n understanding, remembering, or applying information, the claimant has a mild limitation." R. at 61.[5] However, Balamut opined that Plaintiff was moderately limited when it came to "ab[ility] to follow, understand and remember simple instructions." R. at 849. Additionally, even State agency consultant Dr. Kamin agreed that there was a moderate limitation in understanding, remembering, or applying information. R. at 84, 97. This all suggests that the ALJ implicitly rejected Balamut's opinion. The situation here is similar to that in Felicia A. v. Comm'r of Soc. Sec., No. 20-CV-6435, 2021 WL 2153878, (W.D.N.Y. May 27, 2021). There, the court analyzed the ALJ's assigning of partial weight to an opinion without discussing a moderate limitation identified in the same opinion. Id. at *2. The ALJ found that claimant had no more than a mild limitation, but the ALJ failed to meaningfully address other sources who found that claimant had at least a moderate limitation. Id. at *3. Ultimately, "[b]ecause the ALJ [did] not sufficiently explain[] his handling of Dr. Luna's opinion and the attention/concentration limitation so as to permit 'meaningful judicial review,' remand

---

[5] To add even more confusion, despite finding that Plaintiff had a mild limitation, the ALJ concluded the paragraph by finding that "the claimant has moderate difficulties [sic] understanding, remembering, or applying information." R. at 61. This makes it even more difficult for the Court to glean the ALJ's rationale and conclusions.

for further proceedings [was] warranted." Id. (citing McGirr v. Comm'r of Soc. Sec., No. 19-CV-1004, 2020 WL 3467416, at *2 (W.D.N.Y. June 25, 2020)). The same result is warranted here. The ALJ did not adequately explain her handling of all of the mental limitations in Balamut's opinion, and this Court has no way of assessing her reasoning. See Isaac S. v. Comm'r of Soc. Sec., No. 19-CV-6846, 2021 WL 1339450, at *4 n.6 (W.D.N.Y. Apr. 9, 2021); cf. Hamedallah ex rel. E.B. v. Astrue, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) ("The ALJ (not the Commissioner's lawyers) must 'build an accurate and logical bridge from the evidence to [her] conclusion to enable a meaningful review.'") (quoting Steele v. Barnhart, 290 F.3d 936, 941 (7th Cir. 2002)). It is concerning to the Court that two sources found that Plaintiff had a moderate limitation, but the ALJ proceeded to disregard them without explanation by determining it to be a mild limitation. This "raises the specter that the ALJ either cherry-picked the evidence to justify a pre-ordained conclusion, or interpreted the medical evidence based on her own lay judgment—both of which constitute error." McGirr, 2020 WL 3467416, at *2. Thus, this case must be remanded so the ALJ may adequately explain her rationale with regards to the moderate mental limitations in Balamut's opinion. Torres v. Barnhart, No. CV-01-6051, 2005 WL 147412, at *7 (E.D.N.Y. Jan. 24, 2005) ("Remand is particularly appropriate where additional findings or explanation will elucidate the rationale for the ALJ's decision.") (citing Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)).

Finally, the Court briefly notes that the parties dispute whether the ALJ considered the relevant regulatory factors.[6] Pl.'s Br. at 17, Def.'s Br. at 6–8. The Court does not have to resolve

_____

[6] Defendant also points out that some courts have held that "an ALJ is not required to weigh the assessment of an 'other medical source' at all." Def.'s Br. at 6 (collecting cases). Other courts disagree, noting that "the ALJ has a duty to address and discuss the opinion." Saxon v.

this at this time, but on remand, it would be helpful if the ALJ explicitly considered the regulatory factors.[7]

**B.  NP Edinger**

Because the Court orders remand, it need not address the arguments relating to NP Edinger's opinion. Cf. Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 472 (W.D.N.Y. 2018) ("However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue.").

**V.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Commissioner's determination of no disability is **VACATED**, and the matter is **REMANDED** for further proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

---

Astrue, 781 F. Supp. 2d 92, 104 (N.D.N.Y. 2011). In any case, since the ALJ attempted to explain why she gave partial weight to Balamut's opinion, the Court must evaluate that rationale.

[7] Once again, the ALJ is not required to engage in a "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear." Atwater, 512 F. App'x at 70. However, the Court notes that the reasoning and adherence so far have not been as clear as the Court would like. Additionally, there are some factors that may cut against granting any weight to Balamut's opinion. For example, the length and frequency of the treating relationship between Plaintiff and Balamut is rather vague. There is some evidence that the relationship may have started in 2014, Tr. 740, but there is also evidence that the two did not meet again until October 2017, Tr. at 849, 951.

DATED:      January 11, 2022
            Albany, New York

Lawrence E. Kahn
U.S. District Judge